47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cynthia M. GOLDSMITH, Plaintiff-Appellant,
v.
CITY OF CANTON, et al., Defendants-Appellees.
 No. 93-4270.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: JONES, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's order granting summary judgment in favor of the defendants, principally the City of Canton and its Chief of Police, Thomas Wyatt, in an employment discrimination action filed by the plaintiff, Cynthia M. Goldsmith, an officer in the Canton Police Department. The district court found that the plaintiff had not presented evidence sufficient to create a jury question under Title VII on either her "hostile work environment" claim or her "disparate treatment" claim and therefore dismissed both those claims and also a derivative equal protection claim brought under Sec. 1983.
 
 
 2
 We have examined the record and the briefs in this case and conclude that the district court did not err in granting summary judgment and dismissing the complaint, pursuant to Fed.R.Civ.P. 56(c). The gist of the plaintiff's complaint was that she, a Caucasian woman, had been discriminated against because she had "oriental friends" and an African-American boy friend. As proof, she pointed to her supervisor's reference to her friends as being Korean, when in fact they were Vietnamese; a comment by her supervisor that there would be "no hugging and kissing anybody on city property while you're working"; and a question about her religious affiliation by a co-worker who apparently assumed from her last name that she was Jewish.
 
 
 3
 The district judge noted that the plaintiff's allegation that she had been subjected to a "hostile work environment" was based on these three isolated and relatively innocuous comments that purportedly evidenced racial animosity and sexual harassment on the part of her supervisor, Lieutenant Thomas, and the unidentified co-worker. The district court concluded that these remarks "could not rise to the level or harassment in the mind of a reasonable person," citing as authority Rabidue v. Osceola Refining Co., 805 F.2d 611, 620 (6th Cir.1986).
 
 
 4
 Since the district court's opinion was filed, the Supreme Court in its opinion in Harris v. Forklift Systems, 114 S.Ct. 367, (1993), has reiterated the standard of reasonableness, holding that "[c]onduct that is not severe enough to create an objectively hostile or abusive work environment--an environment that a reasonable person could find hostile--is beyond Title VII's purview." Id. at 370. Moreover, in describing what is required to prove a "hostile work environment," the Court noted that "[w]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," which, the Court said, may include "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 371. Examination of these factors, as applied to the undisputed facts in this case, leads inexorably to the conclusion that the plaintiff cannot make out a prima facie case based on "hostile work environment" and that summary judgment on this claim was proper.
 
 
 5
 As for the other two grounds in her complaint, we agree with the district court's conclusion that the plaintiff "adduced no evidence that she was treated differently because of her sex or her racial associations." Hence, summary judgment was also proper both on the "disparate treatment" and the equal protection claims.
 
 
 6
 Finding no error in the district court's order of dismissal, we AFFIRM the judgment of the district court.